Good morning, gentlemen. This is the matter of Neale v. Volvo, 23th Appeal. And we have Mr. Herzog appearing on behalf of Volvo, is that correct? Yes, sir. Mr. Herzog, you have reserved about four minutes for your public? Yes, sir. Thank you. May it please the court. My name is Peter Herzog. I represent Volvo Cars of North America, the defendant below the appellant in this court. As the court has already indicated, I've requested four minutes for rebuttal. Mr. Herzog. Yes, sir. I don't mean to preempt you here, but let me jump right in at the beginning with what necessarily, from a constitutional basis, has to be a starting point. You expressed the view on page 35, just in a footnote in your blue brief, suggesting that whether absent class members in litigation classes must demonstrate Article III standing appears to be an open question in the Third Circuit. Yes, sir. Putting aside the fact that, as I say, it was expressed in the footnote and not a separately denominated issue, is that your view? And if so, why doesn't In Re Prudential really answer that question? In Re Prudential? I believe, Your Honor, that the Sullivan decision, which was a settlement decision only, determined that, as a matter of contract, that the parties could agree that those without state law claims and those without Article III standing could be members of a settlement class. What's the difference for analytical purposes, for logical purposes? A litigation class and a settlement class when we're talking about standing. Yes. When we're talking about standing, Your Honor, and I recognize that the Court did join in the dissent in Sullivan. Let me be very clear. I don't think Sullivan had anything to do with the standing question before us. So I'm interested to hear the novelty of that position, but I don't think my dissent in Sullivan had a damn thing to do with the question of standing. To the extent that standing and statutory standing and Article III standing are similar, Judge, I believe that the Court in Sullivan, the majority in Sullivan, ruled that, as a matter of contract, that parties can agree that those without standing may nevertheless be part of a settlement class. If the Court's suggestion is that, in Prudential, this Court determined that those who had not suffered damages could not be part of a class, I concur that a class, a litigation class, where it is not a matter of contract, would not permissibly include those who lack Article III standing. And Article III standing could be described as the analysis that would be undertaken. How do we even know? How do we even know, at the certification stage, who those, at that point, fungible individuals or members of the class are for purposes of analytically then determining whether standing exists? The class, I believe, Your Honor, must be defined in a way as the Court's... Is that absolute? But that's a definition. But it must be defined in a way so as to only include those who do have standing, and that analysis can be... That's putting the rabbit in the hat. The requirement of a clear and precise definition is a requirement of Rule 23, obviously. But eventually, class members need to bring themselves, himself or herself, within the class definition, right? Eventually. Correct. They meet the definition or they don't meet the definition. That's correct. I agree with that. That may or may not be a concept that we can consider standing, but in any event, it's not something that can be determined most of the time at the class certification stage, as can be the identification of the named plaintiffs, right? If the class is properly defined, yes, sir, it can. Because that's a question, again, of whether the alleged injury is sufficient. I think we're eliding two issues here, Article 3 standing and class definition. But before we move on, let me ask my colleagues if they have questions on standing, because there are other issues if the clock is running. All right. Let's get to the question of class definition that you just raised. Yes, sir. Again, and I don't mean this to be critical of your brief, you raised the issue, but again, in a footnote, not the body of the brief, footnote 2, you suggested that the district court did not identify the claims to be certified as required by Wachtell. Yes, sir. So if that's the case, what should we do? Because the plaintiffs have eventually, in their brief, gone on to make significant efforts to define the class, or at least set forth the claims as required by Wachtell, in ways that the district court didn't even attempt to do. Correct. Your Honor, if that were the only issue presented on the appeal, and it's in a footnote, as you've correctly identified, because we did not believe that it was among the most significant issues presented by the appeal, it is an issue, but if that is an issue, and it is, clearly, then the court needs to remand, reverse and remand. It's not an outright reversal. Let me ask you this, in terms of the importance of class definition. Yes, sir. And I'll be interested, obviously, to hear the plaintiff's position on this. If predominance is a major issue on appeal, as it purports to be in this case, how can one conduct a meaningful predominance analysis in the absence of a class definition which, pursuant to Wachtell and to Marcus, sets out what the claims and defenses are? That's correct. That's correct. And I guess the issues are aligned in that one of the principal issues that we've advocated on appeal is that the court did not undertake the predominance analysis that's required in order to determine, because he did not analyze, Judge Kavanaugh did not analyze the elements of the cause of action, causes of action, and as a consequence, he didn't identify the individual and the common issues and weigh them against each other. But there are additional problems. In your brief, I know you just mentioned the word remand. Your brief asks for a reversal, but a lot of your brief seems to ask for a remand. You point out there's no analysis on predominance. Your adversary disagrees, but isn't really what you're looking for here a remand? Well, I think at a minimum a remand is required, but no, sir. We're not looking for a remand. We're looking for a reversal. And the reason we are doing that and the reason that we believe that it is appropriate is because the court here, on this record, certified classes that are consisting primarily of the uninjured. Don't we ordinarily remand, however, in those instances where we've determined a la peroxide, for example, that the district court has not conducted the kind of rigorous analysis that was required by Falcone in the cases going forward? Ordinarily, Judge, but that's... So why not here? Because we think it's appropriate to address the greater issue here, which is can you, could the district court certify litigation classes that were comprised largely of the uninjured? You've got a record before the court that contains no evidence of injury of those who didn't suffer a water leak caused by a clogged sunroof drain. Well, but that requires us then to go those additional steps toward analyzing what is in the record. And your adversary has emphasized a number of times in their briefing just how voluminous is the record in this case and why that ought to make up for whatever deficiencies exist in the district court's analysis here. Briefing, affidavits, testimonies. Your Honor, as we indicated in our brief, Rule 23 can't be satisfied by implication or inference. There's nothing in Judge Kavanaugh's opinion that suggests that he undertook the kind of analysis that is required by Rule 23. All right, so you've just proved, if you're right, that he didn't do it. Why should we do it in the first instance? We're a court of review. You're correct, Your Honor, and you shouldn't do it. That's what the plaintiffs have asked you to do. My point is... You're asking... So it's a remit. I'm sorry, go ahead. No. I mean, if he didn't do it and we shouldn't do it by virtue of our function, then it's a remit, not a reverse. There's a separate legal issue, Your Honor. Well, but it's a procedural issue. This is an animal-to-class action that exists as a consequence of a single procedural rule. So if these are procedural deficiencies, why shouldn't we send it back to the court to correct the errors in procedure? Because there is a substantive deficiency that also exists, Your Honor, and that's the lack, as Comcast requires, of any evidence to support the claim that those who didn't suffer... Damages. That those who didn't suffer a water leak suffered... that they incurred any damages. You've reserved four minutes. Yes, sir. So we'll have you back on rebuttal, and I want to hear from you on that because I'm still trying to figure out what Comcast has to say. Thank you, Your Honor. Thank you. Mr. Katz. I assume that you see no article 3 standing deficiency here and that Prudential answers the question. Or am I presuming too much? No, Your Honor has presumed correctly. I also think Hayes v. Walmart also addresses that issue in a litigation class where you only are looking at the lead plaintiffs. I think that's an issue that's dead on arrival. All right. Let's jump to class definition. As a threshold matter, is it true that some 20% of the class vehicles don't even have sunroofs? Yeah. Well, let me say this in the most colloquially way possible. There was poor draftsmanship for this definition. Clearly, the only class vehicles in the complaint in the class certification... All right. But that happens all the time. I filed a lot of complaints that I amended later. But at some point, then you come clean to the district court and say, oh, Judge, we're not talking about that 20%. I didn't see that in the record here. At some point, did you ever make clear that we're not seeking damages for Volvos that don't even have sunroofs? I think Dr. Benedict's report, which is the only report that's... You're not being asked about a report. I'm asking about... You're being asked about a class definition that's a requirement of Rule 23. The class definition should be revised to reflect that the only class vehicles are those with sunroofs. All right. So it is susceptible of revision in the way Judge Hardiman's questioned it? Yes, and certainly that would not respectfully require remand. Obviously, if we're arguing a defective sunroof, there has to be a sunroof in the vehicle. No one's going to dispute that. Let me address some of these things, because I think it is important to understand the record that was before the court, which my friend from St. Louis doesn't want to discuss, and understandably so. Before you reach that point, and I want you to reach that point, but before you do, please tell me what your understanding is of what Wachtell requires of the district court relative to class definition and the claims being asserted by class plaintiffs. I think that what we need to demonstrate is an issue of a common question that predominates over all others, and in this case you're talking about whether or not the sunroof drain design was defective. The supporting causes of action that relate to that involve the various Consumer Fraud Act statutes. And the warranty. And the warranty. I mean, that was all spelled out, and that was addressed, and it was addressed by the district judge below, who decided the motions for summary judgment that were filed by Volvo in connection with the class certification decision, and in fact in the class certification decision expressly noted that, I looked at your summary judgment motions. I'm denying them. I find tribal issues of fact on A, B, C, and D. So is that a clear and complete summary of those claims, issues, or defenses subject to class treatment? Because the issues were raised, Your Honor. In fact, some of these issues, if I may take a step back for a second, we've seen a lot in Volvo's brief that they never even raised below, that they're raising for the first time on appeal. One very specific issue deals with the Massachusetts Consumer Fraud Act and their argument under IACHEO.  All these other issues were briefed below. Now, if it's the court's opinion that the district judge should have written a lengthier opinion in denying the motions for summary judgment, then I would submit that a remand would be appropriate. But I don't... Well, you don't disagree that the handling by the district court of the summary judgment motions was pretty peremptory, do you? Well, if I... I recall it was at the end of the opinion. It was very conclusively. Well, if I had my druthers, I would have preferred he wrote a 10- or 15-page opinion. But we deal with what we have. On that issue. On that issue. He wrote about a 22-page opinion, I think, overall. On the class certification issue. Yes. Would I have preferred to see a more in-depth analysis? Of course, because that would be a much more complete record for this court of review to look at. And we need a complete record in order to determine whether the district court was correct in its predominance finding. I respectfully disagree, Judge Hardiman, because I think the record is complete. Because, again, and this is where I want to get back to what the record contains. What the record contains is there was a battle of experts. There was Daubert motion practice. Defendant's experts were thrown out on Daubert. Our experts survived. Our expert goes into great length what the common defect is, what the conduct of Volvo was that was common to all class members, what would be a common technologically feasible design to remediate or ameliorate this defect. We more than satisfied, I feel, the predominance issue. I think there are two things going on there, though. And, you know, correct me where I'm wrong, but the notion that there is a defect. Let's assume that there's a defect in the sunroof. You're entitled to that assumption based on your pleading. And let's assume that some number of your clients suffered damages as a result thereof. The fact that you've gotten over those hurdles, I don't think, sheds any light on whether or not the claims in Massachusetts are the same or different as the claims in Hawaii or as in Florida. And, for example, is it not the case that Massachusetts, New Jersey, and Florida would bar your breach of implied warranty claims whenever the defect had not manifested itself? Isn't that right? Well, these were issues that were addressed below, but not as to Massachusetts because that was never raised below. And the district judge disagreed. He said there was a question of fact. He didn't think it was an issue of law. And, respectfully, that is not before this Court because a writ of mandamus was filed as to those summary judgment motions. That was denied. And so the summary judgment motions are not front and center before this Court. And as I understand the Sullivan case, the predominance inquiry focuses on – and I understand, Judge Smith, that you and Judge Dordner are in the dissent, but in the en banc panel, the majority – It's not the first time I've been upvoted or wrong. I understand, Judge Smith. But the predominance inquiry focuses on the defendant's conduct and whether it was common to all class members, which you can't deny here. I mean, everyone has this sunroof, and it's defective. Well, commonality is one thing, and commonality is often easy to demonstrate. But predominance is another thing entirely. B-3, I don't have to tell you, is a unique mechanism. And class actions generally are unique mechanisms. And we as an appellate court make demands upon a district judge in a class action which are equally unique. We have called for – the Supreme Court has called for, and we have echoed – that we expect a district judge to engage in rigorous analysis. And I just don't see how your frequent references to the size of the record and even the condition and quality of the record can be a substitute of the rigorous analysis that we must require of a district court to provide us with a certification order and or opinion. And that requirement has been there back since Falcone and has been echoed along the way up to and through hydrogen peroxide. Judge Smith, if I may answer that question, but before, if I may, just finish up in response to Judge Hardiman, I think the other part of Sullivan I wanted to get across is that variations in the state laws do not matter, do not defeat predominance under Sullivan. I think that was the whole point of Sullivan. They don't necessarily defeat, but they certainly may. It all depends. That's – following up on Judge Smith's point, it's not about commonality. The standard is, quote, far more demanding than Rule 23a's commonality requirement. That's what the Supreme Court said in AmCamp. So there's 20 claims in six different states. Don't we need the district court to do the heavy lifting, to dig into what the elements of those 20 claims are and explain so that we can properly review whether the predominance requirement is satisfied? Respectfully, I don't think the responsibility or obligation of the district judge is as heavy as what Your Honor says, Judge Hardiman. And also to dovetail this with your question, Judge Smith, I mean, I think you look at AmGen, which says that 23b-3 does not require the plaintiff to prove each of the elements, only that there's common questions that predominate. I don't think that's what we're talking about. I think we're talking about the district court considering them, not necessarily saying they're all proven. There's your case. I mean, I commend you folks on your briefs, but the problem is this is probably what the district court should have been doing. I mean, you dealt with these things in detail, and shouldn't the district court have dug in and considered all the things that you guys put in your briefs? Well, again, sitting here- I know, I've been in a position where you have what you have. You have what you have. Would I prefer that there be more than one paragraph dealing with these summary judgment issues in conjunction with the class cert issues in an otherwise very lengthy and incomprehensive opinion? Of course I would. But I still don't think that that would carry the day. And certainly I think if that's what the court is looking for, it's not a reversal, it's a remand. I wonder how much of the complications here result from the fact that this setting is non-solid. This is not a nationwide class action. You wanted a nationwide class action, but you didn't get one. Instead, you got an alternative. And then having taken on the alternative, the district court chose to take a shortcut through predominance analysis as well as definition and not deal with the claims necessitated by state-by-state, six states laws. And we're left with the opinion, and you're left with the opinion too, that we're all looking at. But respectfully, I don't think that that was done in the Marcus decision, the kind of analysis that you're talking about now, I don't think that was done in the Marcus decision either. In Marcus, what the court did, and Judge Shigaris, I know this is your case, is it grouped together common law claims and also looked separately at the New Jersey Consumer Fraud Act. There was a footnote in Marcus where essentially all the elements of the common law claims were summarized, but there was no actual analysis of each and every one of those common law claims. Basically what the court says, we're going to look at common proof as to the defect. Well, but didn't Marcus say that the district court failed to analyze Marcus' claims and the issues presented and that there was no readily discernible, clear, and complete list of the claims and issues that were subject to class treatment? Correct, but when the court, in its opinion, provided guidance, what the court did is it grouped these claims, not looked at them each as an individual claim for breach of warranty under this state's law or that state's law. It said, what is the common proof of defect? What is the common proof of proximate cause? Can it be shown? And here we got that, and I come back to the unrebutted, the only expert on one side who opined as to all these issues, and it's not an abuse of discretion for the trial judge or the motion judge below to accept that. There's nothing on the other side, and you also have common proof as to proximate cause, and unlike in Marcus, here there's no utility in buying a car with a defective sunroof. There you had run-flat tires, and maybe there was some benefit to convenience and safety of having these tires, so there was an issue of whether or not, hey, look, we have no idea why these people bought these tires. You didn't do a thorough analysis below. There could be a myriad of reasons that would defeat proximate cause. We don't have that here. No reasonable person in their right mind will purchase a vehicle with a defective sunroof. There's no utility in that. And I would also like to comment on, because I know Your Honor raised it briefly, and you're going to hear from my friend from St. Louis on this issue about the so-called unmanifested defect. Again, the law is pretty clear, certainly in many states and in New Jersey where the Consumer League filed an amicus brief. Diminished value, you purchase a vehicle and you don't get what you're expecting, you're entitled to damages for that. There's no requirement that the floodwaters open up and your vehicle gets filled with water. Obviously, that's a different type of damage, one that's also recoverable in this case, but there's also the damage of having to repair the defect, which again Dr. Benedict addressed in his report and which was accepted by the judge below. So I think even if you look under the predominance cases, and if you look at Marcus. Wait, the ones that are damaged are the ones that need the defect repaired? The vehicle is defective upon the time of purchase. It has a defect. There is something wrong with the sunroof drain. If it gets clogged, right? Well, no, it's a defective design. It is simply defective. Wasn't it your expert? I mean, your experts didn't rebut that I saw on the record that it's only 0.5% of the vehicles. Is there some rebuttal from your experts about that? Well, I think the issue is how many are going to actually end up with water in the interior of the vehicle. That's probably going to be a smaller percentage than the vehicles that actually obviously every vehicle has the defect because the defect exists at the time of purchase. But it was your expert that said there are environmental factors that come into play and geographic factors, correct? As I sit here right now, I simply don't recall specifically what my expert said about that. Obviously, it's in the record. I see I'm out of time. If I can make one other quick point just on Comcast. This is not Comcast, okay? In Comcast, as I understand the Comcast decision, is the district court errors when the damages formula is incompatible with the class-wide liability theory. Here the class-wide liability theory is very simple. There's a defective design. The district court said it was not germane. They were the precise words. So I think we don't have a Comcast issue here. Thank you very much. Thank you. Mr. Verzog. I'd like to address a couple of points on rebuttal. First of all, with respect to the class definition, there are significant additional issues that the court likely is aware of, in addition to the fact that the claims are not spelled out. If you go to the court's order, the court has certified classes, and it has a separate one for each of the states, but it says all persons or entities in Massachusetts, I'm going to use this as an example, who are current or former owners and or lessees of a Volvo S40, S60, S80, V70, XC90, V50 of various model years. There are a variety of problems with that class definition. That includes the fact that I presume that what the court intended here was that those persons were entities who purchased in Massachusetts because they would be governed by Massachusetts law. It's unclear, but it appears that the court was certifying statewide classes that could include the application of that state's law to those class members, but someone who purchased their vehicle, for example, in New Jersey, but moved to Massachusetts six years later, but is nevertheless within the class definition, would not be susceptible to the application of Massachusetts law under most authorities, the law of the state, where that individual purchased the vehicle would govern that individual's claims. In addition, it says model years X, 2005, 2003, 2004 to present. Is the court intending to include in that cars that have been manufactured since the entry of the order, but which may have very different sunroof drainage systems, may have a different configuration altogether? It's not possible to determine. But let me, I'm going to, now. Why is that important? Why is that important at the classification stage? Because that then will dictate the extent of the analysis of predominance, Your Honor. Whether individual issues predominate, for example, in the Massachusetts class, which state's law applies. There would be evidence that would be submitted if the case were remanded that would demonstrate under various. I may have misunderstood. I thought the implication of your point was that going out into the future in that fashion, or up to the present, as the case may be, that some of those vehicles or certain classes of those vehicles may not have the defect. Correct. That would also be a part of the predominance analysis, Judge. If he's, if the trial court is attempting to determine whether common issues predominate over individual issues, doesn't he have to know which vehicles, don't the parties have to know which vehicles are actually in the class, which owners? Let me get. Do you have to know whether the injury manifested itself as well? Yes, I believe we do. And do you have to analyze whether the geographical factors or the environmental factors, what disparate effects occur in the six respective states as well? Is that your argument? I believe, Judge, they're two separate points. Our contention is that those who have not suffered a water leak caused by a clogged sunroof drain haven't suffered an injury under the applicable law or on this record. And that's the point that I wanted to get to with respect to Comcast. I'm out of time, Your Honor. Well, we'll give you a minute. All right. We're under the clock. My point with respect to Comcast is, regardless of the debate about what Comcast means, we know it's not a pleading stand. We know that the proponent of class certification has to proffer evidence to support that claim. Here, there is no evidence in the record whatsoever that those who have not suffered a water leak caused by a clogged sunroof drain have suffered any injury. Well, their claim is that when it rolls off the lot, it's defective and there's diminished value in the vehicle. They should have paid less for it or they wouldn't have bought it at all. I understand that, Your Honor, but there's no evidence of that. This is not a pleading standard. Well, they don't have to prove their case at this point. No, but this is not a pleading standard. That's what Comcast says. If this were a pleading standard, Comcast would have been. And the antitrust aspects of Comcast don't distinguish it on the facts. So this is a remarkably different type of case than the Comcast case. But there's no presumption of damages. If it were, Judge, Comcast would have been decided differently, so would in-ray blood reagents. There's an evidentiary requirement at class certification. The plaintiffs have to come forward with some evidence, if that's their theory, that there's a diminution in value that is attributable to the class vehicles. There is no such evidence in the record. The expert that they've tried to resurrect on appeal used a cost of repair. But a cost of repair is entirely different from a diminution in value as to class members, particularly because the cost of repair applies only to vehicles, not to owners or former owners. And this is an owner-former-owner class. Thank you for your indulgence. Yes, thank you very much, Chief Griswold. Thank you, Mr. Katz. The case will argue. We'll brief. We'll take the matter under advisement. We'll ask the court to recess the proceedings. Thank you. Okay. Court is adjourned. Okay.